Filed 2/27/14  P. v. Elkins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C072852 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F5619A) |
| v. | |
| PATRICK SENECA ELKINS, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## PROCEDURAL AND FACTUAL BACKGROUND[1]

In October 2012, James Kenyon reported his pool cue bag was stolen from his truck while he was watching a ball game. There were cue sticks in the bag worth over $600. Kenyon drove around the neighborhood and saw Sara Riddle carrying his bag into her apartment. He reported this information to law enforcement. Law enforcement went to the apartment. Riddle denied taking anything. Defendant came to the door of the apartment and admitted having the pool cues. Riddle and defendant were arrested for theft and receiving stolen property. Subsequently, a search warrant was executed in the apartment and additional stolen property was found.

An information charged defendant with receiving stolen property (Pen. Code, § 496, subd. (a))[2] with a special allegation that his prior burglary conviction rendered him eligible for sentencing to state prison. Defendant pleaded no contest to the charge with a two-year lid. The trial court sentenced defendant to a term of two years in state prison, ordered defendant to pay a $480 restitution fine (§ 1202.4), a $30 administrative fee (§ 1205, subd. (d)), a $40 court security fee (§ 1465.8, subd. (a)(1)), a total of $526 in direct victim restitution to a number of victims and awarded defendant a total of 53 days of presentence custody credit. Defendant did not obtain a certificate of probable cause.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within

---

[1] Because this matter was resolved by plea, the facts are taken from a summary of the police report in the probation report, as that served as the stipulated factual basis of the plea.

[2] Undesignated statutory references are to the Penal Code.

30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

<u>     MURRAY     </u>, J.

We concur:

<u>     MAURO     </u>, Acting P. J.

<u>     DUARTE     </u>, J.